# Exhibit A



**CT Corporation**
**Service of Process Notification**
12/18/2025
CT Log Number 550914899

## Service of Process Transmittal Summary

**TO:**    Terry Werrmann, Legal Professional
The Procter & Gamble Company
1 PROCTER AND GAMBLE PLZ # C-10
CINCINNATI, OH 45202-3393

**RE:**    **Process Served in California**

**FOR:**   The Procter & Gamble Distributing LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JENNIFER SAHAGUN, an Individual // To: The Procter & Gamble Distributing LLC |
| **CASE #:** | CVRI2506800 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/18/2025 at 13:05 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/19/2025, Expected Purge Date: 12/24/2025 |
| | Image SOP |
| | Email Notification,  Terry Werrmann  werrmann.tm@pg.com |
| | Email Notification,  Jillian Jones  jones.jn@pg.com |
| | Email Notification,  Rachel Schoulthies  schoulthies.r@pg.com |
| | Email Notification,  Michelle Monahan  monahan.m@pg.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Thu, Dec 18, 2025
**Server Name:**                    Janis Dingman

| Entity Served | PROCTER & GAMBLE DISTRIBUTING LLC |
|---|---|
| Case Number | CVRI2506800 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Riverside on 12/05/2025 09:32 AM
Case Number CVRI2506800 0000150222858 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

# SUMMONS

## *(CITACION JUDICIAL)*

**SUM-100**

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, an Ohio Corporation;
PROCTER & GAMBLE DISTRIBUTING LLC, a Delaware Limited Liability Company; and
DOES 1 through 10, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER SAHAGUN, an Individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Riverside County Superior Court<br><br>4050 Main Street, Riverside, CA 92501 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CVRI2506800 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Lilit Gasparyan, Laurel Employment Law, 808 Wilshire Blvd., Suite 200, Santa Monica, CA 90401, (323) 551-9221.

| DATE:<br>*(Fecha)* | 12/5/2025 | Clerk, by<br>*(Secretario)* | Joanne Bishop | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL]<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>GC68150(g) | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☒ on behalf of *(specify)*: PROCTER & GAMBLE DISTRIBUTING LLC, a Delaware Limited Liability Company<br>    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>         ☒ other *(specify)*: Limited Liability Company<br>4. ☐ by personal delivery on *(date)*: |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Electronically FILED by Superior Court of California, County of Riverside on 12/05/2025 09:32 AM
Case Number CVRI2506800 0000150222855 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

**LAUREL EMPLOYMENT LAW**
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Lilit Gasparyan, Esq. (State Bar No. 337636)
lilit@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Attorneys for Plaintiff,
Jennifer Sahagun

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JENNIFER SAHAGUN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, an Ohio Corporation; PROCTER & GAMBLE DISTRIBUTING LLC, a Delaware Limited Liability Company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.    CVRI2506800<br><br>**COMPLAINT FOR:**<br><br>1.  Disability Discrimination (Gov't Code § 12940(a));<br>2.  Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m));<br>3.  Failure to Engage in the Interactive Process (Gov't Code § 12940(n));<br>4.  Harassment and Hostile Work Environment (Gov't Code § 12940(j));<br>5.  Retaliation for Protected Activity (Gov't Code § 12940(h));<br>6.  Failure to Prevent Discrimination, Harassment, and Retaliation (Gov't Code § 12940(k));<br>7.  CFRA/FMLA Interference (Gov't Code § 12945.2);<br>8.  Retaliation for Exercising CFRA Rights (Gov't Code § 12945.2);<br>9.  Wrongful Termination in Violation of Public Policy;<br>10. Negligent Hiring, Supervision, and Retention;<br>11. Invalid Waiver of Wage and Hour Rights (Civil Code § 1668).<br><br>**Demand for Jury Trial**<br>[UNLIMITED JURISDICTION] |

**COMES NOW** Plaintiff JENNIFER SAHAGUN ("Plaintiff") and hereby brings this Complaint against THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, an Ohio Corporation; PROCTER & GAMBLE DISTRIBUTING LLC, a Delaware Limited Liability Company; and DOES 1 through 10 ("Defendants"), inclusive, and alleges as follows:

## THE PARTIES

1.     Plaintiff JENNIFER SAHAGUN is, and at all relevant times herein has been, an individual residing in Riverside County, California.

2.     Plaintiff is informed and believes, and based thereupon alleges that at all times relevant herein, Defendant THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY ("Defendant P&G") was an Ohio Corporation with its principal corporate address located at One Procter & Gamble Plaza, Cincinnati, OH 45202, doing business in Riverside County, California at 16110 Cosmos Street, Moreno Valley, CA 92551.

3.     Plaintiff is informed and believes, and based thereupon alleges that at all times relevant herein, Defendant PROCTER & GAMBLE DISTRIBUTING LLC ("Defendant P&G Distributing") was a Delaware Limited Liability Company with its principal corporate address located at One Procter & Gamble Plaza, Cincinnati, OH 45202, doing business in Riverside County, California at 16110 Cosmos Street, Moreno Valley, CA 92551.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

5.     The true names and capacities, whether a corporation, agent, individual, or otherwise, of DOES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries

1  and damages to Plaintiff as alleged herein. Plaintiff will seek leave of the Court to amend this Complaint

2  to show their true names and capacities when the same have been ascertained.

3      6.     At all times mentioned here, DOES 1 through 10 were the agents, representatives,

4  employees, successors, and/or assigns of Defendants and at all times pertinent hereto were acting within

5  the course and scope of their authority as such agents, representatives, employees, successors, and/or

6  assigns.

7      7.     Plaintiff is informed and believes that at all relevant times herein mentioned, Defendants

8  and/or DOES 1 through 10 are and were corporations, business entities, individuals, and partnerships,

9  licensed to do business and actually doing business in the State of California. As such and based upon all

10  the facts and circumstances incident to Defendants' business in California, Defendants are subject to the

11  Fair Employment and Housing Act ("FEHA"), the Labor Code, and the Government Code.

12                          **JURISDICTION AND VENUE**

13      8.     This Court has subject matter jurisdiction to hear this case because Plaintiff is informed

14  and believes that the monetary damages sought in this Complaint for Defendants' conduct exceed the

15  minimal jurisdictional limits of the Superior Court of the State of California.

16      9.     Pursuant to the Code of Civil Procedure ("CCP") section 395(a), venue is proper in the

17  above-entitled Court because the majority of all facts giving rise to the causes of action stated herein

18  arose in Riverside County, California. Venue in Riverside County, California, is further proper under

19  Government Code section 12965(b) because the unlawful practices were committed in Riverside County,

20  California. Plaintiff worked in Riverside County, California, and Plaintiff is informed and believes that

21  records relevant to this action are maintained in Riverside County, California.

22      10.    Plaintiff is informed and believes that Defendants, and each of them, committed other

23  wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to

24  identify said wrongful acts and will seek leave of the Court to amend this Complaint to add said acts upon

25  discovery.

26                      **FACTS COMMON TO ALL CAUSES OF ACTION**

27      11.    Plaintiff JENNIFER SAHAGUN began her employment with Defendants on October 16,

28                                      3
                                   COMPLAINT

2023 as a Case Pick Technician at the West Coast Mixing Center in Moreno Valley, California. She operated forklift equipment and performed physically demanding tasks, including driving a flatbed forklift, scanning product locations, picking cases from racks, building pallets, and performing inventory counts.

12.     Plaintiff's position required her to work twelve-hour shifts from Friday through Sunday, 6:00 p.m. to 6:00 a.m., during which she stood continuously and performed physically demanding warehouse tasks involving repetitive bending, stooping, kneeling, and crawling. She earned $24.25 per hour and received an additional $3.00 per hour shift differential for weekend night shifts.

13.     Throughout her employment, Plaintiff consistently met or surpassed performance metrics. In her December 9, 2023, probationary review, Defendants rated her as "Meets Expectations" on all factors. She received multiple recognition awards, including Spotlight and Bravo awards with monetary amounts ranging from one hundred to one thousand dollars. Before February 2025, Defendants did not issue any written warnings or formal discipline regarding her performance or ability to perform essential job functions.

14.     During her employment, Plaintiff's duties required her to lift heavy cases stacked too high by the facility. Plaintiff injured her rib while lifting detergent cases that were stacked too high. Her supervisor, Bishop Lebron, admitted the unsafe stacking caused the injury, yet Defendants forced her to sign a document claiming she was at fault. Although medical staff recommended, she be excused for the rest of her shift, her supervisor put her back to work after a brief computer task and then assigned her to sweep. When she reminded him, she had been told to rest, he ignored her.

15.     On February 23, 2025, Plaintiff's left knee gave out while she was walking at work, and she immediately noticed swelling and significant pain. A coworker confirmed the swelling, and although the injury worsened throughout the shift, Plaintiff completed her workday. The following day, she sought urgent care treatment and received medical documentation excusing her from work through March 13, 2025. She was diagnosed with a torn ligament in her left knee, informed that she could not work for at least two weeks, and given an MRI appointment for March 17, 2025.

16.     On February 27, 2025, Plaintiff notified HR ("Human Resources") and management of

1  her injury and need for medical leave. She informed them she had torn a ligament in her left knee,
2  provided her contact information, and stated she would update them after her MRI. That same day, she
3  submitted the medical documentation excusing her from work from February 27 through March 13,
4  which formally notified Defendants of her disability and the need for accommodation.

5      17.    Later that evening, Plaintiff emailed HR Administrator Edith Ruiz Gonzalez to ensure she
6  was following proper procedures, asking whether she needed to call the attendance line daily or if the
7  medical note was sufficient. Her communication reflected diligence in complying with company policy
8  during her leave.

9      18.    On March 10, 2025, Defendants opened a leave case and reviewed Plaintiff's eligibility
10  under the Family and Medical Leave Act and the California Family Rights Act. They determined she had
11  worked 1,149.30 hours, being short of the 1,250-hour requirement. Defendants notified her that she was
12  not eligible for FMLA or CFRA and placed her on unpaid, unprotected medical leave. This left Plaintiff
13  without job protection during her recovery.

14      19.    After receiving this notice, Plaintiff asked whether she could use her accrued vacation
15  time while on leave. HR Administrator Edith Ruiz Gonzalez told her that the site did not allow vacation
16  to be used in these situations. As a result, Plaintiff was denied access to her earned vacation benefits and
17  had no income during her medically necessary leave.

18      20.    On March 11, 2025, Defendants held an interactive process meeting with Plaintiff by
19  telephone. During the call, Plaintiff and Jordan McMichael discussed her medical restrictions and leave
20  status. Defendants selected a medical leave of absence as the accommodation and advised that another
21  interactive process meeting would occur in early April 2025. Plaintiff relied on this plan while continuing
22  her treatment and recovery.

23      21.    Following further medical evaluation in March and early April 2025, Plaintiff was
24  diagnosed with Chiari malformation that had been aggravated by her work duties, as well as severe
25  degenerative damage in her left knee. After her MRI on March 17, 2025, imaging showed bone-on-bone
26  contact, malformed bone structure, and recurring fluid buildup. Her physician placed her on crutches and
27  fitted her with a knee brace while she awaited orthopedic follow-up and additional evaluation.

28

22.     Early in her leave, Plaintiff asked McMichael about transferring to a sit-down driver position as an accommodation, noting that Defendants regularly hired for that role and that it would remove the twelve hour standing and repetitive movements she could no longer perform. McMichael told her that if everything went well, he saw no reason she could not transition into that position. Plaintiff followed up again in July 2025 as she continued seeking an accommodation that would allow her to return to work.

23.     On April 2, 2025, after consultation with her orthopedic specialist and primary care physician, Plaintiff submitted updated medical documentation extending her leave through June 9, 2025. The note confirmed she was unable to perform the essential job duties listed on the employer's forms. Plaintiff sent this documentation to Patrick Duffy, Edith Ruiz Gonzalez, and McMichael. She notified them that she would remain under medical care while awaiting further evaluation.

24.     On April 18, 2025, Plaintiff emailed management and HR several times to confirm that her updated medical note had been received because no one had responded. She heard nothing for several days. On April 21, 2025, McMichael finally replied that he had been out of the office on business travel and would review the documentation and contact her. Plaintiff continued waiting for guidance about her leave and accommodation.

25.     On June 2, 2025, Plaintiff submitted additional medical documentation extending her leave through July 9, 2025. The note again stated that she could not perform the essential job duties listed by the employer. Plaintiff sent the updated documentation to McMichael, Ruiz Gonzalez, and Duffy. She asked for confirmation that her leave status had been updated.

26.     On July 3, 2025, Plaintiff's treating physician issued a note stating she could return to work on July 28, 2025, with specific restrictions. The note required that she avoid repetitive bending, crawling, stooping, and kneeling and confirmed she could not stand for twelve consecutive hours. Plaintiff immediately provided this information to Defendants and asked about the return-to-work process. She also followed up on the previously discussed sit-down driver position as a reasonable accommodation.

27.     On July 11, 2025, Defendants conducted a second interactive process meeting by

6

telephone. McMichael and Plaintiff discussed her updated restrictions and Defendants again chose continued medical leave as the accommodation. They scheduled another follow up interactive meeting for September 11, 2025, rather than identifying a position that would fit her restrictions.

28.     On July 31, 2025, at Defendants' request for clarification, Plaintiff provided updated medical documentation. The note stated that she could return to work immediately with the same activity restrictions and that these restrictions would be needed for at least six months because her condition was expected to be chronic. Site medical staff requested further documentation to determine whether the restrictions were permanent, even though the note already described a chronic condition.

29.     On August 11, 2025, Defendants held a third interactive process meeting with Plaintiff by telephone with McMichael and Enrique Molina present. They again selected continued medical leave as the accommodation and scheduled a follow up meeting for September 11, 2025. Defendants still did not propose any specific modified duties or alternative positions that would allow Plaintiff to return to work.

30.     On September 4, 2025, Plaintiff obtained comprehensive medical documentation from her orthopedic specialist stating she could return to work that day with permanent restrictions. The note again required that she avoid repetitive bending, crawling, stooping, and kneeling and confirmed she could not stand for twelve consecutive hours. It expressly stated that these restrictions were permanent because her condition was chronic. Plaintiff provided this final documentation to Defendants on September 4, 2025.

31.     On September 17, 2025, Defendants conducted a fourth interactive process meeting with Plaintiff by telephone. According to Defendants' later termination letter, they claim Plaintiff agreed with the restrictions, confirmed they affected her ability to perform essential functions, and confirmed there were no accommodations available for her current role or any other job at the site. Plaintiff disputes this characterization and maintains that no meaningful discussion of specific accommodations occurred. She further contends that alternative positions, including sit down driver roles, were not evaluated or offered.

32.     After Defendants received the final medical documentation on September 4, 2025, they did not engage in any substantive follow up for more than six weeks. During this period, they did not contact Plaintiff to discuss concrete accommodations, did not ask questions about her specific limitations, and did not revisit the sit-down driver option or any other available position. Plaintiff remained on unpaid

7

1    leave without a clear path back to work despite being medically cleared to return with reasonable

2    restrictions.

3         33.    In the week before October 15, 2025, Plaintiff contacted Defendants to ask about returning

4    to work. McMichael returned her call and, in a brief one minute conversation, told her that based on her

5    medical note, Defendants were moving toward letting her go. He did not explain what accommodations

6    had been considered or whether any alternative positions had been evaluated. Plaintiff was left without

7    information about the status of her employment.

8         34.    On October 15, 2025, Defendants issued Plaintiff's final paycheck by direct deposit. Later

9    that day, Plaintiff received a two minute phone call from the head of HR and another office employee.

10   She was told she was being terminated "with or without accommodation." When she asked why

11   Defendants would not attempt to accommodate her, HR refused to explain and said the reasons would be

12   provided only in mailed paperwork.

13        35.    Defendants then issued a written termination letter dated October 15, 2025. The letter

14   stated she was being terminated due to inability to perform essential functions with or without

15   accommodation and referenced interactive process meetings on July 11, August 11, and September 17,

16   2025. It claimed she agreed no accommodations or alternative positions were available, a characterization

17   Plaintiff disputes because no meaningful discussion of specific accommodations occurred.

18        36.    Throughout the interactive process, Defendants failed to engage in a good faith discussion

19   of accommodations. They did not ask meaningful questions about Plaintiff's limitations, did not explore

20   alternative accommodations, and did not consider the sit-down driver position that McMichael had

21   previously indicated was feasible. Defendants also failed to evaluate whether any vacant positions in their

22   three thousand employee facility could meet her restrictions. They provided no explanation for why no

23   accommodation was possible.

24        37.    Defendants' decision to terminate Plaintiff was both discriminatory and retaliatory. After

25   she disclosed the permanent nature of her disability and requested accommodation, Defendants

26   abandoned any meaningful interactive process and instead moved toward ending her employment. Their

27   statement that she was being terminated "with or without accommodation" shows the decision was based

28

8

1    on her disability rather than any legitimate business reason. Defendants' actions reflect unlawful
2    disability discrimination and retaliation for Plaintiff's attempts to secure reasonable accommodation and
3    participate in the interactive process.

4         38.     Defendants' conduct was willful, malicious, and oppressive, carried out with conscious
5    disregard for Plaintiff's rights under California laws protecting against disability discrimination,
6    retaliation, and the right to reasonable accommodation. Their deliberate and repeated violations were
7    calculated to exploit Plaintiff and deny her basic workplace protections, including the right to request
8    reasonable accommodation for her physical disability and the right to be free from discrimination based
9    on that disability.

10        39.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered
11   and continues to suffer significant damages, including but not limited to economic losses due to unpaid
12   wages, denied vacation benefits, unlawful wage deductions, and ongoing emotional distress, humiliation,
13   and mental anguish. Plaintiff also suffered the exacerbation of her knee-related medical condition and
14   Chiari malformation, which required ongoing treatment from orthopedic and neurological specialists.

15        40.     Defendants are vicariously liable for the acts of their agents, supervisors, and employees
16   who engaged in the unlawful conduct described herein. Defendants' managerial personnel, including
17   Jordan McMichael and Edith Ruiz Gonzalez, were acting within the course and scope of their
18   employment and with actual or apparent authority when they engaged in the disability discrimination,
19   retaliation, and wage and hour violations against Plaintiff.

20        41.     Plaintiff filed timely charges with the Civil Rights Department and received notices of the
21   right to sue in a California Superior Court pursuant to California Government Code 12965(b), permitting
22   her to bring this legal action. Plaintiff has therefore exhausted her administrative remedies under the
23   California Government Code. Attached hereto and incorporated herein as **Exhibit 1** is Plaintiff's Right
24   to Sue Letter.

25   \\
26   \\
27   \\
28

## FIRST CAUSE OF ACTION

### Disability Discrimination

### (Government Code § 12940(a))

### (Against All Defendants and DOES 1-10)

42.     Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

43.     At all times relevant to this Complaint, Defendants were Plaintiff's employers within the meaning of Government Code section 12926(d) and were covered employers under FEHA, employing more than five employees and engaged in business in California.

44.     At all times relevant herein, Plaintiff was a qualified individual with a physical disability within the meaning of Government Code sections 12926(i) and (m). Specifically, Plaintiff suffered from Chiari malformation and severe degenerative damage to her left knee, including bone-on-bone contact, malformed bone structure, and recurring fluid buildup. These conditions constituted physical disabilities that substantially limited one or more major life activities, including the ability to stand for extended periods and perform repetitive physical movements.

45.     Defendants had actual and constructive knowledge of Plaintiff's disabilities. Plaintiff notified Defendants of her knee injury and need for medical leave on February 27, 2025, and subsequently provided comprehensive medical documentation detailing her permanent physical restrictions. Defendants also knew or should have known about Plaintiff's Chiari malformation, which was aggravated by her work duties.

46.     Despite Plaintiff's qualifications and excellent work performance, including ratings of "Meets Expectations" and multiple recognition awards, Defendants discriminated against Plaintiff because of her physical disabilities. Defendants' discriminatory treatment included, but was not limited to terminating Plaintiff because of her permanent disability restrictions failing to provide reasonable accommodation treating Plaintiff differently than similarly situated non-disabled employees and making employment decisions based on Plaintiff's disability rather than her ability to perform essential job functions with reasonable accommodation.

10

COMPLAINT

47.    Defendants' discriminatory conduct is evidenced by the timing and manner of Plaintiff's termination. Once Defendants learned that Plaintiff's restrictions were permanent rather than temporary, they immediately moved toward termination. The statement that Plaintiff was being terminated "with or without accommodation" demonstrates that the decision was based on her disability status rather than any legitimate business reason.

48.    Defendants' discrimination also manifested in their refusal to consider available accommodations that would have allowed Plaintiff to continue working. Despite Plaintiff's inquiry about sit-down driver positions, which Defendants regularly hired for and which Manager Jordan McMichael had previously indicated was feasible, Defendants failed to evaluate or offer this or any other reasonable accommodation.

49.    Defendants' actions were motivated by discriminatory animus and constitute disability discrimination in violation of Government Code section 12940(a). Defendants treated Plaintiff less favorably because of her disabilities and made adverse employment decisions based on disability-related stereotypes and assumptions rather than an individualized assessment of her abilities.

50.    As a direct and proximate result of Defendants' unlawful disability discrimination, Plaintiff has suffered and continues to suffer damages including loss of earnings, employment benefits, career opportunities, and severe emotional distress. Defendants' conduct was willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying an award of punitive damages.

<div align="center">

**SECOND CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodation**

**(Government Code § 12940(m))**

**(Against All Defendants and DOES 1-10)**

</div>

51.    Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

52.    At all times relevant to this Complaint, Defendants were Plaintiff's employers within the meaning of Government Code section 12926(d) and were covered employers under FEHA, employing

<div align="center">

11

COMPLAINT

</div>

1 | more than five employees and engaged in business in California.

2 | 53.   At all times relevant herein, Plaintiff was a qualified individual with a disability within
3 | the meaning of Government Code sections 12926(i) and (m). Plaintiff could perform the essential
4 | functions of her position with reasonable accommodation.

5 | 54.   Defendants had actual knowledge of Plaintiff's disabilities and her need for reasonable
6 | accommodation. Plaintiff provided comprehensive medical documentation detailing her permanent
7 | physical restrictions, including the inability to stand for twelve consecutive hours and the need to avoid
8 | repetitive bending, crawling, stooping, and kneeling.

9 | 55.   Plaintiff specifically requested reasonable accommodation by asking about transferring to
10 | a sit-down driver position. Manager Jordan McMichael initially indicated this accommodation was
11 | feasible, stating he saw no reason she could not transition to that position if everything went well.

12 | 56.   Reasonable accommodations were available that would not have posed an undue hardship
13 | on Defendants. Defendants regularly hired for sit-down driver positions, and Plaintiff's restrictions could
14 | have been accommodated through transfer to such a position or other modified duties that eliminated the
15 | need for twelve-hour standing and repetitive physical movements.

16 | 57.   As a large employer with approximately three thousand employees, Defendants had
17 | substantial resources and multiple positions that could have accommodated Plaintiff's restrictions without
18 | causing undue hardship to their business operations.

19 | 58.   Despite Plaintiff's requests and the availability of reasonable accommodations,
20 | Defendants willfully failed to provide any accommodation. Instead of evaluating the sit-down driver
21 | position or other alternatives, Defendants only offered continued unpaid medical leave, which did not
22 | enable Plaintiff to perform her job or return to work.

23 | 59.   Defendants' termination letter claimed there were no accommodations available for
24 | Plaintiff's role or any other position at the site, but this conclusion was reached without conducting any
25 | meaningful evaluation of available accommodations or alternative positions that could have met her
26 | restrictions.

27 | 60.   Defendants' failure to provide reasonable accommodation violated Government Code

28 |

1  section 12940(m) and constitutes unlawful disability discrimination. Their refusal to accommodate

2  Plaintiff's disability forced her termination and denied her the right to equal employment opportunities.

3       61.   As a direct and proximate result of Defendants' failure to provide reasonable

4  accommodation, Plaintiff has suffered and continues to suffer damages including loss of earnings,

5  employment benefits, career opportunities, and severe emotional distress. Defendants' conduct was

6  willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying

7  an award of punitive damages.

8  <center>**THIRD CAUSE OF ACTION**</center>

9  <center>**Failure to Engage in the Interactive Process**</center>

10  <center>**(Government Code § 12940(n))**</center>

11  <center>**(Against All Defendants and DOES 1-10)**</center>

12       62.   Plaintiff incorporates by reference each and every allegation contained in the paragraphs

13  above as though fully set forth herein.

14       63.   At all times relevant to this Complaint, Defendants were Plaintiff's employers within the

15  meaning of Government Code section 12926(d) and were covered employers under FEHA, employing

16  more than five employees and engaged in business in California.

17       64.   At all times relevant herein, Plaintiff was a qualified individual with a disability within

18  the meaning of Government Code sections 12926(i) and (m). Defendants had actual knowledge of

19  Plaintiff's disability and her need for reasonable accommodation based on the medical documentation she

20  provided.

21       65.   Government Code section 12940(n) requires employers to engage in a timely, good faith,

22  meaningful, and interactive process with employees to identify and implement effective reasonable

23  accommodations. This process must involve individualized inquiry and meaningful dialogue about

24  potential accommodations.

25       66.   Defendants failed to engage in a good faith interactive process with Plaintiff. After

26  receiving Plaintiff's final medical documentation on September 4, 2025, stating she could return to work

27  with permanent restrictions, Defendants remained silent for more than six weeks without any meaningful

28

<center>13</center>
<center>COMPLAINT</center>

1  dialogue about accommodations.

2      67.    Throughout the purported interactive process meetings, Defendants failed to engage in

3  meaningful dialogue about specific accommodations. They did not ask detailed questions about Plaintiff's

4  limitations, did not explore alternative accommodations beyond continued medical leave, and did not

5  discuss the sit-down driver position that Plaintiff had specifically requested.

6      68.    Defendants did not provide any explanation for why accommodations were considered

7  insufficient or unavailable. They failed to analyze whether Plaintiff's restrictions could be met through

8  job modification, equipment provision, reassignment, or other reasonable measures available in their

9  large facility.

10      69.    Defendants' interactive process was characterized by delay, lack of communication, and

11  absence of good faith exploration of accommodations. Rather than working collaboratively to identify

12  solutions, Defendants proceeded directly to termination after learning that Plaintiff's restrictions were

13  permanent.

14      70.    The failure to engage in the interactive process is independently actionable under FEHA,

15  regardless of whether reasonable accommodation would ultimately have been possible. Defendants'

16  inadequate process denied Plaintiff the opportunity to work collaboratively toward identifying effective

17  accommodations.

18      71.    As a direct and proximate result of Defendants' failure to engage in the interactive process,

19  Plaintiff has suffered and continues to suffer damages including loss of earnings, employment benefits,

20  career opportunities, and severe emotional distress. Defendants' conduct was willful, malicious,

21  oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying an award of punitive

22  damages.

23  **FOURTH CAUSE OF ACTION**

24  **Harassment and Hostile Work Environment**

25  **(Government Code § 12940(j))**

26  **(Against All Defendants and DOES 1-10)**

27      72.    Plaintiff incorporates by reference each and every allegation contained in the paragraphs

28

1 | above as though fully set forth herein.

2 | 73. At all times relevant to this Complaint, Defendants were Plaintiff's employers within the

3 | meaning of Government Code section 12926(d) and were covered employers under FEHA, employing

4 | more than five employees and engaged in business in California.

5 | 74. At all times relevant herein, Plaintiff was a qualified individual with a physical disability

6 | within the meaning of Government Code sections 12926(i) and (m).

7 | 75. Defendants subjected Plaintiff to harassment and created a hostile work environment

8 | based on her disability. After Plaintiff was injured and required accommodation, Defendants engaged in

9 | conduct that was severe and pervasive enough to alter the conditions of her employment and create a

10 | hostile working environment.

11 | 76. Defendants' harassment based on disability included forcing Plaintiff to sign a document

12 | claiming she was at fault for her rib injury when her supervisor had already admitted the unsafe stacking

13 | caused the injury. This conduct was designed to humiliate and blame Plaintiff for workplace hazards

14 | beyond her control.

15 | 77. Defendants further harassed Plaintiff by placing her back to work immediately after

16 | medical staff recommended she be excused for the rest of her shift due to injury. When Plaintiff reminded

17 | her supervisor that medical staff had advised her to rest, he ignored her concerns and assigned her to

18 | sweep, demonstrating callous disregard for her physical condition.

19 | 78. During Plaintiff's medical leave and accommodation process, Defendants created a hostile

20 | environment by maintaining prolonged silence, refusing to provide clear communication about her

21 | employment status, and ultimately terminating her "with or without accommodation" without meaningful

22 | discussion of available options.

23 | 79. Defendants' conduct was unwelcome and based on Plaintiff's disability. The harassment

24 | had the purpose and effect of unreasonably interfering with Plaintiff's work performance and creating an

25 | intimidating, hostile, and offensive working environment.

26 | 80. The harassment was sufficiently severe and pervasive to alter the terms and conditions of

27 | Plaintiff's employment. A reasonable person in Plaintiff's position would have perceived the work

28 |

1   environment as hostile and abusive based on her disability.

2       81.   Defendants are liable for the harassment because it was perpetrated by supervisory

3   personnel, including Bishop Lebron and Jordan McMichael, who were acting within the scope of their

4   employment and with actual or apparent authority.

5       82.   As a direct and proximate result of Defendants' disability-based harassment and creation

6   of a hostile work environment, Plaintiff has suffered and continues to suffer damages including loss of

7   earnings, employment benefits, career opportunities, and severe emotional distress. Defendants' conduct

8   was willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights,

9   justifying an award of punitive damages.

10   **FIFTH CAUSE OF ACTION**

11   **Retaliation for Protected Activity**

12   **(Government Code § 12940(h))**

13   **(Against All Defendants and DOES 1-10)**

14       83.   Plaintiff incorporates by reference each and every allegation contained in the paragraphs

15   above as though fully set forth herein.

16       84.   At all times relevant to this Complaint, Defendants were Plaintiff's employers within the

17   meaning of Government Code section 12926(d) and were covered employers under FEHA, employing

18   more than five employees and engaged in business in California.

19       85.   Plaintiff engaged in activity protected by FEHA, including but not limited to requesting

20   reasonable accommodation for her disability, disclosing her medical diagnosis and restrictions to her

21   employer, and participating in the interactive process regarding accommodations for her physical

22   disabilities.

23       86.   Specifically, Plaintiff's protected activities included notifying Defendants of her knee

24   injury and need for medical leave on February 27, 2025, providing comprehensive medical

25   documentation detailing her physical restrictions, requesting accommodation through transfer to a sit-

26   down driver position, and continuing to provide updated medical information as requested during the

27   interactive process.

28       16

87.    Defendants had knowledge of Plaintiff's protected activity through her direct communications about her disability, her formal requests for accommodation, and her participation in the interactive process meetings on March 11, July 11, August 11, and September 17, 2025.

88.    Following Plaintiff's protected activity, Defendants took adverse employment actions against her, including terminating her employment on October 15, 2025. The termination constituted an adverse action that would deter a reasonable employee from engaging in protected activity.

89.    There was a causal connection between Plaintiff's protected activity and the adverse employment action. The timing of Defendants' conduct demonstrates retaliatory intent, as they moved toward termination after learning that Plaintiff's disability restrictions were permanent and she continued to request accommodation.

90.    Defendants' retaliatory conduct is further evidenced by their statement that Plaintiff was being terminated "with or without accommodation," their failure to engage in good faith accommodation discussions after receiving her permanent restrictions, and their prolonged silence for more than six weeks after she was medically cleared to return to work with accommodations.

91.    The temporal proximity between Plaintiff's disclosure of her permanent disability restrictions on September 4, 2025, and her termination on October 15, 2025, supports an inference of retaliatory motive. Defendants' conduct changed markedly after learning the permanent nature of her restrictions.

92.    Defendants' actions violated Government Code section 12940(h) by retaliating against Plaintiff for engaging in protected activity under FEHA. Their conduct was designed to punish Plaintiff for asserting her rights and to deter her and others from seeking reasonable accommodations.

93.    As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages including loss of earnings, employment benefits, career opportunities, and severe emotional distress. Defendants' conduct was willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying an award of punitive damages.

\\

\\

1

## SIXTH CAUSE OF ACTION

2      **Failure to Prevent Discrimination, Harassment, and Retaliation**

3      **(Government Code § 12940(k))**

4      **(Against All Defendants and DOES 1-10)**

5      94.     Plaintiff incorporates by reference each and every allegation contained in the paragraphs

6      above as though fully set forth herein.

7      95.     At all times relevant to this Complaint, Defendants were Plaintiff's employers within the

8      meaning of Government Code section 12926(d) and were covered employers under FEHA, employing

9      more than five employees and engaged in business in California.

10     96.     Government Code section 12940(k) requires employers to take all reasonable steps

11     necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

12     97.     As alleged above, Defendants' supervisors and managerial employees, including Bishop

13     Lebron, Jordan McMichael, and Edith Ruiz Gonzalez, engaged in disability discrimination, harassment,

14     and retaliation against Plaintiff throughout her employment and during the accommodation process.

15     98.     Defendants knew or should have known about the discriminatory, harassing, and

16     retaliatory conduct occurring in their workplace. The conduct was perpetrated by supervisory personnel

17     acting within the scope of their employment, and Defendants failed to take immediate and appropriate

18     corrective action.

19     99.     Defendants failed to take reasonable steps to prevent the discrimination, harassment, and

20     retaliation described herein. They did not implement adequate policies, training, or oversight to prevent

21     disability-based discrimination and retaliation. They failed to promptly investigate and remedy the hostile

22     work environment created after Plaintiff's injury and accommodation requests.

23     100.    Instead of preventing discrimination and retaliation, Defendants enabled and perpetuated

24     it through their supervisors' conduct, including forcing Plaintiff to accept blame for workplace injuries,

25     ignoring medical recommendations for her safety, and ultimately terminating her after she requested

26     permanent accommodations.

27     101.    Defendants' failure to prevent discrimination, harassment, and retaliation violated

28

1  Government Code section 12940(k) and demonstrates their deliberate indifference to Plaintiff's rights
2  under FEHA.

3      102.   As a direct and proximate result of Defendants' failure to prevent discrimination,
4  harassment, and retaliation, Plaintiff has suffered and continues to suffer damages including loss of
5  earnings, employment benefits, career opportunities, and severe emotional distress. Defendants' conduct
6  was willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights,
7  justifying an award of punitive damages.

8  <div align="center">**SEVENTH CAUSE OF ACTION**</div>
9  <div align="center">**CFRA/FMLA Interference**</div>
10  <div align="center">**(Government Code § 12945.2)**</div>
11  <div align="center">**(Against All Defendants and DOES 1-10)**</div>

12      103.   Plaintiff incorporates by reference each and every allegation contained in the paragraphs
13  above as though fully set forth herein.

14      104.   At all times relevant to this Complaint, Defendants were Plaintiff's employers within the
15  meaning of Government Code section 12945.2 and were covered employers under CFRA, employing
16  more than five employees and engaged in business in California.

17      105.   Plaintiff had a serious health condition within the meaning of CFRA and FMLA, including
18  Chiari malformation and severe degenerative damage to her left knee requiring ongoing medical
19  treatment and permanent work restrictions.

20      106.   While Plaintiff was not technically eligible for CFRA/FMLA protection due to the 1,250
21  hour requirement, having worked only 1,149.30 hours as of March 10, 2025, she was entitled to similar
22  protections under California law for employees with serious health conditions requiring leave and
23  accommodation.

24      107.   Plaintiff provided proper notice of her need for medical leave on February 27, 2025, when
25  she notified Defendants of her knee injury and provided medical documentation. She continued to provide
26  updated medical information as required throughout her leave period.

27      108.   Defendants interfered with Plaintiff's rights under CFRA and similar California disability

28
<div align="center">19</div>
<div align="center">COMPLAINT</div>

1   protections by creating obstacles to her medical leave, denying her access to accrued vacation benefits

2   during leave, and ultimately terminating her employment because she required permanent

3   accommodations for her serious health condition.

4        109.   Defendants' interference included failing to engage in good faith interactive process

5   discussions, refusing to evaluate reasonable accommodations, and creating a hostile environment that

6   discouraged Plaintiff from exercising her rights to medical leave and accommodation.

7        110.   Defendants' conduct violated the public policies underlying CFRA and FMLA, which are

8   designed to allow employees to take necessary medical leave without fear of job loss and to ensure that

9   employees with serious health conditions receive appropriate workplace accommodations.

10       111.   As a direct and proximate result of Defendants' interference with Plaintiff's medical leave

11   rights, Plaintiff has suffered and continues to suffer damages including loss of earnings, employment

12   benefits, career opportunities, and severe emotional distress. Defendants' conduct was willful, malicious,

13   oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying an award of punitive

14   damages.

### EIGHTH CAUSE OF ACTION

**Retaliation for Exercising CFRA Rights**

**(Government Code § 12945.2)**

**(Against All Defendants and DOES 1-10)**

19       112.   Plaintiff incorporates by reference each and every allegation contained in the paragraphs

20   above as though fully set forth herein.

21       113.   At all times relevant to this Complaint, Defendants were Plaintiff's employers within the

22   meaning of Government Code section 12945.2 and were covered employers under CFRA, employing

23   more than five employees and engaged in business in California.

24       114.   Plaintiff engaged in activity protected under the California Family Rights Act by taking

25   medical leave for her serious health condition, providing required medical documentation, and seeking

26   to return to work with reasonable accommodations for her disability.

27       115.   Although Plaintiff was technically ineligible for CFRA protection due to the 1,250 hour

28

1    requirement, she was nevertheless entitled to protections under California law for engaging in activities
2    related to serious health conditions and medical leave requests. Government Code section 12945.2
3    protects employees from retaliation for exercising rights under family and medical leave laws and related
4    accommodation rights.

5        116.    Defendants had knowledge of Plaintiff's protected activity through her formal requests for
6    medical leave beginning February 27, 2025, her provision of medical documentation, her participation in
7    interactive process meetings, and her requests for accommodation to return to work with permanent
8    restrictions.

9        117.    Following Plaintiff's exercise of rights related to medical leave and accommodation,
10   Defendants took adverse employment action against her by terminating her employment on October 15,
11   2025. The termination was motivated by retaliatory animus arising from Plaintiff's exercise of her rights
12   to medical leave and reasonable accommodation.

13       118.    The temporal proximity between Plaintiff's provision of permanent medical restrictions
14   on September 4, 2025, and her termination on October 15, 2025, demonstrates a causal connection
15   between her protected activity and the adverse employment action. Defendants' conduct changed
16   markedly after learning that Plaintiff's medical restrictions were permanent.

17       119.    Defendants' retaliatory conduct is further evidenced by their statement that Plaintiff was
18   being terminated "with or without accommodation," their prolonged silence after receiving her medical
19   clearance to return to work with restrictions, and their failure to engage in good faith discussions about
20   available accommodations despite her earlier inquiries about sit-down driver positions.

21       120.    Defendants' actions violated Government Code section 12945.2 by retaliating against
22   Plaintiff for exercising her rights under California's family and medical leave protections. Their conduct
23   was designed to punish Plaintiff for taking necessary medical leave and requesting accommodations for
24   her serious health condition.

25       121.    As a direct and proximate result of Defendants' unlawful retaliation for exercising CFRA-
26   related rights, Plaintiff has suffered and continues to suffer damages including loss of earnings,
27   employment benefits, career opportunities, and severe emotional distress. Defendants' conduct was

28                                                    21

1  willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying

2  an award of punitive damages.

3  **NINTH CAUSE OF ACTION**

4  **Wrongful Termination in Violation of Public Policy**

5  **(Against All Defendants and DOES 1-10)**

6      122.    Plaintiff incorporates by reference each and every allegation contained in the paragraphs

7  above as though fully set forth herein.

8      123.    At all times relevant herein, Plaintiff was an at-will employee of Defendants. However,

9  California common law prohibits the termination of at-will employees when such termination violates

10 fundamental public policy.

11     124.    Plaintiff's termination violated fundamental public policy as expressed in the Fair

12 Employment and Housing Act, which protects employees with disabilities from discrimination and

13 ensures their right to reasonable accommodation in the workplace. California has a fundamental public

14 policy protecting disabled workers' rights to equal employment opportunities and accommodation.

15     125.    The public policy underlying FEHA encourages employees to request reasonable

16 accommodations and to participate in the interactive process without fear of retaliation or termination.

17 This policy promotes workplace integration of disabled individuals and ensures their continued

18 participation in the workforce.

19     126.    Defendants' termination of Plaintiff violated this fundamental public policy by punishing

20 her for disclosing her permanent disability status and requesting reasonable accommodation. The timing

21 and circumstances of the termination demonstrate that it was a retaliatory response to her exercise of

22 rights protected by public policy.

23     127.    The termination also violated public policy by undermining California's interest in

24 encouraging injured workers to return to work with appropriate accommodations. Defendants' conduct

25 discourages disabled employees from seeking medical treatment and requesting necessary workplace

26 modifications.

27     128.    Defendants terminated Plaintiff after learning her disability restrictions were permanent,

28

despite available accommodations such as the sit-down driver positions that Manager Jordan McMichael had previously indicated were feasible. The termination was not based on legitimate business reasons but rather on discriminatory bias against Plaintiff's disability status.

129.    The public policy violation is further demonstrated by Defendants' statement that Plaintiff was being terminated "with or without accommodation," which shows their disregard for the fundamental public policy requiring employers to engage in good faith efforts to accommodate disabled employees.

130.    Defendants' wrongful termination also violated public policy by denying Plaintiff access to her earned vacation benefits during her medical leave, creating financial hardship that discourages employees from taking necessary medical leave and seeking workplace accommodations.

131.    The wrongful termination was carried out in bad faith and for reasons that contravene public policy. Defendants' conduct undermines the public interest in protecting disabled workers and maintaining workplace equality and safety.

132.    As a direct and proximate result of Defendants' wrongful termination in violation of public policy, Plaintiff has suffered and continues to suffer damages including loss of earnings, employment benefits, career opportunities, and severe emotional distress. Defendants' conduct was willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, justifying an award of punitive damages.

## TENTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

### (Against All Defendants and DOES 1-10)

133.    Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

134.    Defendants owed Plaintiff a duty of care to exercise reasonable care in hiring, supervising, and retaining employees and managers who would not engage in unlawful discrimination, harassment, or retaliation against disabled employees.

135.    Defendants breached this duty by negligently hiring, supervising, and retaining supervisors and managers, including Bishop Lebron, Jordan McMichael, and Edith Ruiz Gonzalez, who

23

1    engaged in discriminatory and retaliatory conduct against Plaintiff based on her disability.

2      136. Defendants knew or should have known that their supervisory employees were unfit and

3    posed a risk of harm to employees seeking disability accommodations. The pattern of discriminatory

4    conduct, including forcing injured employees to accept blame for workplace hazards, ignoring medical

5    recommendations, and failing to engage in good faith accommodation discussions, demonstrated

6    supervisors' unfitness for their positions.

7      137. Defendants negligently failed to properly train, supervise, and monitor their managerial

8    employees regarding disability accommodation requirements, anti-discrimination policies, and the

9    interactive process. This negligence enabled and facilitated the unlawful conduct directed at Plaintiff.

10     138. Defendants negligently retained supervisors and managers who demonstrated a pattern of

11   discriminatory conduct toward disabled employees, including Plaintiff. Despite knowledge of their

12   employees' misconduct, Defendants failed to take corrective action or provide adequate oversight.

13     139. The misconduct of Defendants' supervisory employees was foreseeable and within the

14   scope of their employment. Defendants knew or should have known that inadequate training and

15   supervision of managers handling disability accommodations would create a risk of discrimination and

16   retaliation against disabled employees.

17     140. Defendants' negligence in hiring, supervising, and retaining unfit supervisory personnel

18   directly and proximately caused Plaintiff's injuries, including the disability discrimination, harassment,

19   retaliation, and wrongful termination she suffered.

20     141. As a direct and proximate result of Defendants' negligent hiring, supervision, and

21   retention, Plaintiff has suffered and continues to suffer damages including loss of earnings, employment

22   benefits, career opportunities, and severe emotional distress.

23           **ELEVENTH CAUSE OF ACTION**

24          **Invalid Waiver of Wage and Hour Rights**

25            **(Civil Code § 1668)**

26         **(Against All Defendants and DOES 1-10)**

27     142. Plaintiff incorporates by reference each and every allegation contained in the paragraphs

28               24

1  above as though fully set forth herein.

2      143.    On October 14, 2023, during her onboarding process, Defendants required Plaintiff to sign

3  a Second Meal Period Waiver, waiving her right to a second thirty-minute unpaid, duty-free meal period

4  when working more than ten hours but not more than twelve hours in a workday.

5      144.    Throughout her employment from October 16, 2023, through February 23, 2025, Plaintiff

6  worked twelve-hour shifts every Friday, Saturday, and Sunday, making her subject to the waiver for

7  approximately sixteen months and over one hundred shifts.

8      145.    The waiver was invalid and unenforceable under Civil Code section 1668, which voids all

9  contracts that have for their object, directly or indirectly, to exempt anyone from responsibility for

10  violations of law, including violations of the Labor Code.

11      146.    The waiver was not truly voluntary because it was presented to Plaintiff as part of

12  mandatory onboarding documentation during the vulnerable period when she was beginning new

13  employment. Defendants did not provide meaningful choice or alternative employment arrangements for

14  employees unwilling to waive their meal period rights.

15      147.    The waiver effectively required Plaintiff to work twelve-hour shifts without the second

16  meal period throughout her employment, creating a systematic violation of Labor Code section 512.

17  Defendants used the waiver to avoid paying meal period premiums and providing required meal periods

18  for all twelve-hour shifts worked by Plaintiff.

19      148.    Defendants failed to adequately inform Plaintiff of her right to revoke the waiver or failed

20  to honor such revocation rights. Throughout Plaintiff's employment, all pay stubs showed "Meal: $0.00,"

21  indicating no meal period premiums were paid despite the waiver covering only the second meal period,

22  not the first.

23      149.    The waiver violated Civil Code section 1668 because it had the effect of exempting

24  Defendants from their legal obligations under the Labor Code to provide meal periods or pay premiums

25  when such periods are not provided. The waiver was therefore void and unenforceable as against public

26  policy.

27      150.    Defendants' use of the invalid waiver to deny Plaintiff her meal period rights and avoid

28

1    paying required premiums constitutes a violation of her wage and hour rights under California law. The

2    systematic use of invalid waivers demonstrates Defendants' deliberate attempt to circumvent Labor Code

3    protections.

4         151.    As a direct and proximate result of Defendants' use of invalid waivers to deny wage and

5    hour rights, Plaintiff has suffered damages including unpaid meal period premiums, loss of legally

6    mandated break time, and other economic losses resulting from Defendants' systematic violation of Labor

7    Code protections.

8                          **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff prays for judgment as follows:

10        1.    For general and special damages, including past and future lost earnings and employment

11    benefits, and damages for emotional distress, humiliation, mental anguish, and loss of reputation;

12        2.    For statutory penalties pursuant to Labor Code section 226.7 and any others that may be

13    applicable;

14        3.    For punitive damages pursuant to Civil Code section 3294;

15        4.    For injunctive relief, including reinstatement or, in the alternative, front pay;

16        5.    For reasonable attorney's fees and costs pursuant to Government Code section 12965,

17    Code of Civil Procedure section 1021.5, and any other applicable statutes;

18        6.    For pre-judgment interest and post-judgment interest at the legal rate;

19        7.    For costs of suit incurred herein;

20        8.    For such other and further relief as the Court deems just and proper.

21                         **DEMAND FOR JURY TRIAL**

22        Plaintiff hereby demands a trial by jury on all causes of action and claims to which Plaintiff has

23    a right to a jury trial.

24    DATED:      December 5, 2025.

                                 **LAUREL EMPLOYMENT LAW**

25

26                            *Lilit Gasparyan*

                             Joshua I. White, Esq.

27                             Lilit Gasparyan, Esq.

                            Attorneys for Plaintiff, Jennifer Sahagun

28                          26

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

                                                                                                           KEVIN KISH, DIRECTOR
## Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 5, 2025


LILIT GASPARYAN

,


RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202512-32503405
       Right to Sue: SAHAGUN / THE PROCTER & GAMBLE U.S. BUSINESS
       SERVICES COMPANY et al.

Dear LILIT GASPARYAN:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

December 5, 2025

RE:   **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202512-32503405
       Right to Sue: SAHAGUN / THE PROCTER & GAMBLE U.S. BUSINESS
       SERVICES COMPANY et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 5, 2025

JENNIFER SAHAGUN

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202512-32503405
Right to Sue: SAHAGUN / THE PROCTER & GAMBLE U.S. BUSINESS
SERVICES COMPANY et al.

Dear JENNIFER SAHAGUN:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective December 5, 2025 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
2               **Civil Rights Department**
**Under the California Fair Employment and Housing Act**
3               **(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**
5  JENNIFER SAHAGUN                           CRD No. 202512-32503405

6                    Complainant,

7 vs.

8 THE PROCTER & GAMBLE U.S. BUSINESS
SERVICES COMPANY

9 ,

10 PROCTER & GAMBLE DISTRIBUTING LLC

11 ,

12                    Respondents

13

14 **1.** Respondent **THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov.
15 Code, § 12900 et seq.).

16 **2.**Complainant is naming **PROCTER & GAMBLE DISTRIBUTING LLC** business as Co-Respondent(s).

17

18 **3.** Complainant **JENNIFER SAHAGUN**, resides in the City of , State of .

19 **4.** Complainant alleges that on or about **October 15, 2025**, respondent took the following adverse actions:
20

21 **Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra)
22 related to serious health condition of employee or family member, child bonding, or military exigencies.
23

24 **Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military
25 exigencies and as a result of the discrimination was terminated, denied any employment

26                          -1-

*Complaint – CRD No. 202512-32503405*

27 Date Filed: December 5, 2025

28

CRD-ENF 80 RS (Revised 2025/02)

1  benefit or privilege, other, denied work opportunities or assignments, denied
   accommodation for a disability, denied family care and medical leave (cfra) related to
2  serious health condition of employee or family member, child bonding, or military exigencies.

3  **Complainant experienced retaliation** because complainant reported or resisted any form
   of discrimination or harassment, requested or used a disability-related accommodation,
4  requested or used family care and medical leave (cfra) related to serious health condition of
   employee or family member, child bonding, or military exigencies and as a result was
5  terminated, denied any employment benefit or privilege, other, denied work opportunities or
   assignments, denied accommodation for a disability, denied family care and medical leave
6  (cfra) related to serious health condition of employee or family member, child bonding, or
7  military exigencies.

8  **Additional Complaint Details:** Beginning February 27, 2025, when Jennifer Sahagun
9  notified Defendants of her permanent physical disability requiring accommodation,
   Defendants engaged in a systematic pattern of unlawful conduct in violation of California's
10 Fair Employment and Housing Act and Labor Code, commencing with Physical Disability
   Discrimination under Government Code section 12940(a) by treating her less favorably and
11 making adverse employment decisions based on her disability status rather than her ability
   to perform available positions with reasonable accommodation.2378 From March 11, 2025
12 through September 17, 2025, Defendants conducted four perfunctory interactive process
13 meetings without any meaningful dialogue about specific accommodations, failed to ask
   detailed questions about her limitations, ignored her explicit request for transfer to regularly
14 available sit-down driver positions, and provided only continued unpaid medical leave as an
   accommodation option, thereby violating Government Code section 12940(n)'s requirement
15 to engage in a timely, good-faith interactive process. Defendants further violated
   Government Code section 12940(m) by willfully refusing to provide the reasonable
16 accommodation Plaintiff specifically identified despite operating a facility with approximately
   three thousand employees and numerous positions that would have accommodated her
17 permanent restrictions without undue hardship, instead falsely claiming no accommodations
   were available without conducting any meaningful evaluation. Following Plaintiff's
18 submission of permanent medical restrictions on September 24, 2025, Defendants
   maintained complete silence for more than six weeks, refused to respond to her inquiries
19 about returning to work, and then terminated her employment on October 15, 2025 stating
   she was being terminated "with or without accommodation," constituting unlawful Retaliation
20 for Protected Activity under Government Code section 12940(h) in direct response to her
   requesting accommodations and providing medical documentation establishing her
21 permanent disability. Defendants created a Hostile Work Environment under Government
   Code section 12940(j) through disability-based harassment including forcing Plaintiff to
22 accept blame for workplace injuries her supervisor admitted were caused by facility
   negligence, ignoring medical recommendations to excuse her from duty after injury,
23 maintaining prolonged silence about her employment status during the accommodation
24 process, and abruptly terminating her via a two-minute phone call without prior warning or
   explanation. Defendants violated Government Code section 12940(k) by failing to take any
25 reasonable steps to prevent the discrimination, harassment, and retaliation perpetrated by

26                                        -2-
                              *Complaint – CRD No. 202512-32503405*
27
   Date Filed: December 5, 2025
28
                                                          CRD-ENF 80 RS (Revised 2025/02)

1  supervisory personnel Bishop Lebron, Jordan McMichael, and Edith Ruiz Gonzalez, instead
   enabling and perpetuating unlawful conduct through inadequate policies, training, and
2  oversight regarding disability accommodation requirements. Defendants interfered with
   Plaintiff's medical leave rights in violation of Government Code section 12945.2 by denying
3  her access to accrued vacation benefits during her medically necessary leave on March 10,
   2025, creating obstacles to her medical leave, and creating a hostile environment that
4  discouraged her from exercising her rights to medical leave and accommodation.
   Defendants further violated Government Code section 12945.2 by retaliating against Plaintiff
5  for exercising her rights under California's family and medical leave protections, evidenced
   by the temporal proximity between her provision of permanent restrictions and her
6  termination just forty-one days later, their refusal to engage in good faith accommodation
7  discussions, and their statement that she was being terminated regardless of
   accommodation. Finally, Defendants violated Civil Code section 1668 by requiring Plaintiff to
8  sign an invalid Second Meal Period Waiver on October 14, 2023 that was not truly voluntary,
   was presented during the vulnerable onboarding period, and was used to systematically
9  deny her statutorily-protected meal period rights throughout her employment on over one
   hundred twelve-hour shifts from October 16, 2023 through February 23, 2025, in
10 contravention of Labor Code section 512's meal period protections.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                            *Complaint – CRD No. 202512-32503405*
27
   Date Filed: December 5, 2025
28

1  VERIFICATION

2  I, **Lilit Gasparyan**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof. The matters alleged are based on
   information and belief, which I believe to be true. The matters alleged are based on
4  information and belief, which I believe to be true.

5  On December 5, 2025, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
6
7                                                                           **Los Angeles, CA.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                   -4-
                                       *Complaint – CRD No. 202512-32503405*
27
   Date Filed: December 5, 2025
28
                                                              CRD-ENF 80 RS (Revised 2025/02)

Electronically FILED by Superior Court of California, County of Riverside on 12/05/2025 09:32 AM
Case Number CVRI2506800 0000150222856 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Lilit Gasparyan, Esq. (State Bar No. 337636)<br>Laurel Employment Law, 808 Wilshire Blvd., Suite 200, Santa Monica, CA 90401<br><br>TELEPHONE NO.: (323) 551-9221       FAX NO. : (310) 564-4093<br>EMAIL ADDRESS: lilit@laurelemploymentlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Jennifer Sahagun | ***FOR COURT USE ONLY*** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
 STREET ADDRESS: 4050 Main Street
 MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
 BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
JENNIFER SAHAGUN v. THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2506800<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  December 5, 2025.
Lilit Gasparyan                                          ▶                    *Lilit Gasparyan*
_____                                    _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of · Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 12/05/2025 09:32 AM
Case Number CVRI2506800 0000150222857 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Lilit Gasparyan, Esq. (State Bar No. 337636)<br>Laurel Employment Law<br>808 Wilshire Blvd., Suite 200<br>Santa Monica, CA 90401<br>  TELEPHONE NO: (323) 551-9221    FAX NO. *(Optional)*: (310) 564-4093<br>E-MAIL ADDRESS *(Optional)*: lilit@laurelemploymentlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Jennifer Sahagun | *FOR COURT USE ONLY* |
| PLAINTIFF/PETITIONER:    JENNIFER SAHAGUN | |
| DEFENDANT/RESPONDENT:    THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, et al. | CASE NUMBER:<br>CVRI2506800 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92551 _____

☐   The action concerns real property located in the zip code of:  _____

☒   The Defendant resides in the zip code of:  92551 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  December 5, 2025. _____

_____
Lilit Gasparyan
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   *Lilit Gasparyan* _____
(SIGNATURE)

**Page 1 of 1**

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial.
The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them
evaluate the strengths and weaknesses of their case, and works with them to create a
settlement agreement that is acceptable to everyone.  If the parties do not wish to settle
the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's
decision is final; there is no right to trial. In "non-binding" arbitration, any party can request
a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is
non-binding.

---

**Page 1 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MENIFEE** 24701 Menifee Center Drive, Menifee, CA 92584
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER: | |
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)                  (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)                  (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)                  (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)                  (DATE)
☐ Plaintiff  ☐ Defendant

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 07/08/24]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

riverside.courts.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2506800

**Case Name:**   SAHAGUN vs THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Sophia Choi in Department 5 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 12/13/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Joanne Bishop*

J. Bishop, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2506800

**Case Name:**   SAHAGUN vs THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

LILIT GASPARYAN
808
WILSHIRE BLVD SUITE 200
Santa Monica, CA 90401

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 06/11/2026 | 8:30 AM | Department 5 |

| Location of Hearing: | |
|---|---|
| | **4050 Main Street, Riverside, CA 92501** |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

<div align="center">

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

</div>

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2506800

**Case Name:**   SAHAGUN vs THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

JENNIFER SAHAGUN

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 06/11/2026 | 8:30 AM | Department 5 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2506800

**Case Name:**   SAHAGUN vs THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 06/11/2026 | 8:30 AM | Department 5 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2506800

**Case Name:**   SAHAGUN vs THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY

PROCTER & GAMBLE DISTRIBUTING LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 06/11/2026 | 8:30 AM | Department 5 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2506800

GASPARYAN, LILIT                          SAHAGUN, JENNIFER
808
WILSHIRE BLVD SUITE 200
Santa Monica, CA 90401                    PROCTER & GAMBLE DISTRIBUTING LLC


THE PROCTER & GAMBLE U.S. BUSINESS
SERVICES COMPANY